## McCARTY v. OWENS et al.

### No. 18,451; September 20, 1895.

#### 41 Pac. 861.

Assignment of Contract.—In an Action Against the Assignee of a paving contract for material furnished, it appeared that the assignment was absolute on its face; that, after the assignment, the assignees kept no account with the assignor; that they furnished all other materials not furnished by plaintiff, paid the bills, and received pay for the work, and stated in a verified complaint to collect an assessment for the work that they became and were, by assignment, contractors to perform the work. Held, that plaintiff could recover.

APPEAL from Superior Court, San Joaquin County; J. K. Law, Judge.

Action by M. McCarty against F. J. Owens and his assignee for the purchase price of materials furnished. From a judgment for plaintiff, and an order denying them a new trial defendant assignees appeal. Affirmed.

James A. Loutitt for appellants; F. H. Gould and James H. & J. E. Budd for respondent.

BELCHER, C.—On September 12, 1892, the defendant F. J. Owens entered into a contract with the superintendent of streets of the city of Stockton to pave a portion of Channel street in that city with bitumen and basalt blocks. On September 22, 1892, Owens assigned his said contract to the defendants Girvin, Baldwin and Eyre, and the assignment appeared on its face to be absolute. The work under the contract was performed, and Owens superintended it, but Girvin, Baldwin and Eyre kept the books, furnished the materials, paid the bills, and received the moneys paid on account of the work. They also instituted suits against property owners to collect assessments alleged to be due them for work done under the contract. Plaintiff furnished basalt blocks, bitumen, curbing, tools, labor, etc., used in performing the contract, and in December, 1892, he commenced this action against Owens to recover the value of the same, alleged to be $1,371.63. In April, 1893, by leave of the court, he filed an amended complaint, making Girvin, Baldwin and Eyre parties defend-

ant, and alleging joint liability on the part of the defendants. The complaint contained eight separate causes of action, briefly stated as follows: (1) For basalt blocks sold to defendants, $365.04; (2) for money loaned to defendants, $118; (3) for money paid for use of defendants, $114.89; (4) for services rendered by plaintiff, $95; (5) for balance on assigned claim for services, $113; (6) for curbing and corners sold to defendants, $369.60; (7) for bitumen sold to defendants, $99.75; (8) for planking and use of tools furnished defendants, $96.35.  Judgment was asked against the defendants for the aggregate sum of $1,371.63.  Defendant Owens did not appear.  The other defendants answered, denying their liability for each and all of the claims set up in the complaint. The case was tried before a jury, and a verdict was returned in favor of plaintiff for $400, on which judgment was entered. The defendants Girvin, Baldwin and Eyre moved for a new trial, which was denied, and then appealed from the judgment and order.

Appellants contend that the verdict was not justified by the evidence, and hence their motion should have been granted. This contention is based upon the assumed fact that Owens assigned his contract to them merely as security for advances made and to be made by them to him, and that all materials, etc., furnished by plaintiff were furnished to Owens solely on his individual account and responsibility; and in support of their claim that, under such circumstances, they cannot be held liable, they cite the case of Stone v. Owens, 105 Cal. 292, 38 Pac. 726.  In the case cited the assignments were expressly made as security for advances made and to be made by the assignee to the assignors, and the parol evidence was positive, without conflict, that the assignee had nothing to do with the work performed under the contracts; that he neither directly nor indirectly employed or discharged any laborer, or paid for any part of such labor.  He paid orders or checks drawn on him by the assignors, but charged the amount so paid to them.  That case is not in point here unless the theory of appellants as to the character of the assignment to them is sustained by the evidence, and whether it is or not is the principal question to be considered.  As before stated, the assignment to appellants was absolute in form, and it was proved that, after the assignment, they kept no account with Owens.  The account appeared on their books as the "Chan-

nel Street Contract.'' They furnished all the materials except that furnished by the plaintiff, paid all the bills, and received all the moneys paid on account of the work. And, in one of the suits instituted by them to collect an assessment for work done under the contract, they stated, in their verified complaint, ''that on the twenty-second day of September, 1892, the said F. J. Owens, in writing and for value, transferred and assigned the aforesaid contract, and all his rights and claims thereunder, to these plaintiffs, who then became, hence hitherto have been, and now are, the assignees of said F. J. Owens, and contractors for the doing and performing of said work by assignment, as aforesaid.'' The facts proved, as above stated, were clearly sufficient to distinguish this case from that of Stone v. Owens, supra; and, while there was a conflict in the evidence, it was, in our opinion, quite sufficient to justify the jury in finding that appellants were liable to the plaintiff for at least as large a sum as that named in the verdict. The judgment should, therefore, not be reversed for want of evidence to support the verdict. Objection is made to some of the instructions given to the jury, but it is based upon the theory that appellants held the contract only as security, and therefore the instructions were misleading and erroneous. As we view the case, we see no error in the instructions complained of. They seem to have stated the law applicable to the questions before the jury very fully and fairly. The judgment and order should be affirmed.

We concur: Searls, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.